■ EVA M. GONZALEZ, Respondent-Appellant, v DAVID J. GONZALEZ, Appellant-Respondent. [839 NYS2d 153]—

In a matrimonial action in which the parties were divorced by judgment entered November 10, 2004, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated March 7, 2006, as denied, without a hearing, those branches of his motion which were for downward modification of his child support obligations or, in the alternative, to set aside the child support provision of the parties' settlement agreement, and (2) the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied that branch of her cross motion which was for an award of costs and the imposition of a sanction against the defendant pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's cross motion which was for an award of costs and the imposition of a sanction against the defendant pursuant to 22 NYCRR 130-1.1 is granted, a monetary sanction in the sum of $1,500 is imposed against the defendant, payable to the Lawyers' Fund for Client Protection, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of actual expenses reasonably incurred by the plaintiff in defending the defendant's motion, including reasonable counsel fees, and for an award of costs based thereon, and for the entry of an appropriate judgment thereafter (*see* 22 NYCRR 130-1.2); and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

As part of a global settlement of their divorce action, the parties entered into a stipulation of settlement (hereinafter the stipulation) which provided that the defendant would incur an obligation for child support, and fixed the amount of his obligation. The stipulation further provided that the defendant "shall not seek downward modification of the . . . child support provisions for a period of not less than three (3) years from the date of this Stipulation." One year later, the defendant moved to set aside the child support provision contained in the stipulation or,

in the alternative, for a downward modification of his child support obligation. The Supreme Court correctly denied the defendant's motion. The disputed terms of the stipulation are clear, the record demonstrates that the defendant was represented by counsel during the settlement negotiations, and there is no evidence of overreaching.

It appears from the record that, in the year following the execution of the stipulation, the defendant's financial situation did not change in any significant respect. Although he submitted his individual tax returns, indicating salary income in the sum of less than $40,000 for 2003 and 2004, he submitted no information as to the financial affairs of several corporations in which he has an interest, one as a 100% shareholder. The defendant demonstrated no circumstances which would arguably warrant downward modification of his child support obligation. Further, his motion was brought within one year of his execution of the stipulation, in direct violation of its terms. In view of the foregoing, that branch of the mother's cross motion which was for an award of costs and for the imposition of a sanction against the defendant pursuant to 22 NYCRR 130-1.1 should have been granted. Crane, J.P., Krausman, Goldstein and Dickerson, JJ., concur.